PEOPLES NATIONAL BANK, APPELLANT, V. AUGUST L. RING, APPELLEE.

FILED FEBRUARY 27, 1914. No. 17,636.

1. **Foreign Judgment: ACTION: DEFENSES.** "A judgment of a court of a sister state, authenticated as prescribed by act of congress, is conclusive here upon the subject-matter of the suit. An action thereon can only be defeated on the ground that the court had no jurisdiction of the case, that there was fraud in procuring the judgment, or by defenses based on matters arising after the judgment was rendered." *Snyder & Dull v. Critchfield*, 44 Neb. 66.

2. **Process: SUMMONS: VALIDITY.** The service of a summons upon the defendant by the sheriff of Fall River county, South Dakota, signed in the firm name of the plaintiff's attorneys, is sufficient to confer jurisdiction upon the circuit court of that state and county to render a judgment against the defendant so served.

3. **Judgment: EVIDENCE: FRAUD.** Testimony produced by the defendant examined, and found to show no fraud in procuring the judgment against him.

4. ——: ACTION: DEFENSES. The record examined, and found to contain no defense relating to any matter occurring after the judgment sued on was rendered,

APPEAL from the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*Eastman & Dudley* and *G. T. H. Babcock,* for appellant.

*Fisher & Rooney, contra.*

BARNES, J.

Action on a judgment rendered by the circuit court of South Dakota within and for Fall River county, in that state, on the 18th day of May, 1910. The petition filed in the district court for Sioux county, while it is not in the precise form provided for by section 7695, Rev. St. 1913, contained all the averments necessary to entitle the plaintiff to recover a judgment in the district court of this state. The defendant's original answer was, first, a general denial; second, a special denial that the plaintiff was incorporated as alleged in the petition.

When the cause came on for trial, a jury was waived, and a trial was had to the court. Pending the hearing, leave was granted the plaintiff to amend its petition by changing the allegation relating to its incorporation, and the defendant was given leave to amend his answer, by interlineation, so as to allege that the circuit court for Fall River county, South Dakota, was without jurisdiction of the person of the defendant, by reason of the fact that no complaint was on file in the office of the clerk of the circuit court of that county until after the supposed judgment was signed; that the summons was not signed by a licensed attorney, but was signed by the firm of Eastman & Dudley, and that no summons was signed or complaint filed in compliance with the statutes of South Dakota and the rules for the circuit court as prescribed by the supreme court of that state; that the summons and proof of service and complaint were not on file for more than ten days before the judgment was given; that the complaint was not filed in the same year in which the summons was signed, although there remained more than 30 days after the summons was served in the same year; that defendant was not in default when the judgment was signed, and the court was without power to give judgment upon said complaint.

After the testimony was introduced, the court took the case under advisement, and on April 29 rendered the following judgment: "It is therefore considered, ordered and adjudged by the court now here that the defendant go

hence without day, and recover of the plaintiff his costs herein, taxed at $——; and that he have execution therefor." A motion for a new trial was overruled, and the plaintiff excepted, and 40 days were allowed from the rising of the court wherein to serve his proposed bill of exceptions. From that judgment the plaintiff has brought the case to this court by appeal.

As we view the record, we are unable to ascertain on what evidence the judgment of which complaint is made was based. The plaintiff introduced in evidence the judgment roll of the South Dakota court, which contained a copy of the original summons served upon the defendant by the sheriff of Fall River county on the 22d day of December, 1909; a copy of the original complaint filed by the plaintiff on the 25th day of February, 1910, which stated a good cause of action against the defendant; and the affidavit prescribed by the statutes of South Dakota made by Charles S. Eastman, wherein it was stated that no answer or demurrer had been received, or appearance in any manner made by the defendant, and that more than 30 days had elapsed since the service of the summons on the defendant; together with a statement of the plaintiff's costs and disbursements. The judgment roll recited that thereupon, on the 18th day of May, 1910, the court proceeded to render the judgment on which this suit is brought, as follows: "The Peoples National Bank, a Corporation, Plaintiff, versus August L. Ring, Defendant. Judgment. The summons in the action having been personally served on August L. Ring, the defendant, on the 22d day of December, A. D. 1909, and no answer or demurrer to the complaint having been served on the plaintiff's attorney as required by the summons, and no appearance in any manner having been made by the defendant, August L. Ring, or any one in his behalf: Now, on motion of Eastman & Dudley, plaintiff's attorneys, it is hereby adjudged that the Peoples National Bank, a corporation, the plaintiff, recover of August L. Ring, the defendant, the sum of two hundred and forty-six dollars and eighty-three cents, and twenty-two dollars and thirty-five cents, costs and disburse-

ments, amounting in the whole to two hundred and sixty-nine and 18/100 ($269.18) dollars. By the court: Levi McGee, Judge. 5/18/10. Attest: F. J. Dudley, Clerk, by Aion Shouse, Deputy."

The judgment roll was certified in due form, and it thus appears that the judgment on which this suit was brought was duly rendered on the default of the appearance of the defendant. Defendant contends that the circuit court of South Dakota was without jurisdiction to render the judgment, because no complaint was filed within the time provided by the statutes of South Dakota. It is sufficient to say that the record discloses that this contention is not well founded. It is also contended that the summons was void, because it was signed by the firm name of plaintiff's attorneys, instead of by an attorney in his own proper name. As we understand this question, the summons was properly signed according to the established practice of the courts of South Dakota, and we are not aware of any case which holds to the contrary. Where a suit is brought upon a foreign judgment but two defenses are available: One is the lack of jurisdiction in the court wherein the judgment sued on was rendered, and the other is fraud in obtaining the judgment. As we view the record, neither of these defenses were established, and it follows that the plaintiff was entitled to a judgment in his favor.

The judgment of the district court is therefore reversed and the cause is remanded for further proceedings.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.